Daniels, J.
The demurrer was sustained by the judge presiding at the trial, on the ground that the complaint contains two causes of action which have been improperly united. In the first division of the complaint the facts are set forth showing the sale of the stock purchased and carried by the defendants for the plaintiff, and the moneys deposited by her with them. This sale is averred to have been without her authority, but the relief asked in the first instance is for an accounting by the defendants for the moneys in their hands which she may he entitled to recover. Such an accounting would necessarily result in a ratification of the sales made and preclude the plaintiff from claiming any further or other relief on that account. She had her election, if the shares were sold without her authority and no satisfaction had been made to her for the loss, as the fact is alleged to be, to claim the proceeds of the sale, or to proceed against the defendants for unlawfully converting her property. But as the remedies are inconsistent with each other, she could not take both these proceedings.
If she elected, as she appears to have done in the first division of her complaint, to recover the proceeds of her property received by the defendants, then the action so far would be for money had and received by them to her use, upon what the law would assume to be a promise in her favor to make such payment to her And that from its allegations appears to be the theory upon which the first of the two species of relief has been placed by the complaint.
In the other subdivision of the complaint, which has not been stated as a part of the cause of action for an accounting, but “for a further and separate cause of action,” the plaintiff has set forth the facts previously averred, together with a statement of the damages sustained by her through the unauthorized and wrongful sale of the stock. And for those damages judgment has been demanded, as well as for amount which might be found due upon the accounting.
These are separate and distinct causes of action not altogether growing or arising out of the same transactions, the first being dependent on the waiver of the wrong, the affirmation of the sale, and the right of the plaintiff to the proceeds, the other wholly upon the wrong of the defendants in selling and disposing of her property without her authority.
The case of Vandervoort v. Gould (36 N. Y., 639), in no way sustains this complaint, for the law has expressly provided in actions of ejectment that the plaintiff may also recover damages for withholding the possession of the premises. The causes of actions in Barr v. Shaw (10 Hun, 580), were not of this inconsistent description, but were capable of being joined under the provisions contained in the Code relating to this subject. The judgment for these reasons, and those mentioned, in the opinion of the judge presiding* at the special term, was right, and it should be affirmed with *10 •costs, but with liberty to the plaintiff to amend within twenty days, on payment of the costs of the demurrer and the costs and disbursements of the appeal.
Van Brunt, P. J., and Bartlett, J., concur.